**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TEKEEMA TOCCARA MARTIN, | Civil Action No. 19-12979 (MAS) (LHG) |
| Plaintiff, | |
| v. | **OPINION** |
| STATE OF NEW JERSEY, et al., | |
| Defendants. | |

**SHIPP, District Judge**

Plaintiff Tekeema Toccara Martin, a pretrial detainee currently detained at Ancora Psychiatric Hospital, has filed a Third Amended Complaint asserting claims under 42 U.S.C. § 1983. (Third Am. Compl., ECF No. 30.) The Court will now review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Third Amended Complaint will be dismissed without prejudice.

### I.   BACKGROUND

#### A.   Procedural History

On or about May 20, 2019, Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983. (Compl., ECF No 1.) Prior to the Court's screening of her complaint, Plaintiff filed three amended complaints and 12 various motions. (Am. Compl., ECF No. 4; Second Am. Compl., ECF No. 22; Third Am. Compl., ECF No. 30; Mots., ECF Nos. 32, 33, 34, 36, 37, 38, 39, 40, 41,

42, 43, 44.) On March 5, 2020, the Court issued an order construing Plaintiff's various motions as attempts to assert new claims. (Order, Mar. 5, 2020, ECF No. 45.) The Court informed Plaintiff that neither Fed. R. Civ. P. 8, which governs pleadings, nor Fed. R. Civ. P. 15, which governs amended and supplemental pleadings, permitted her to submit numerous addenda to her complaint in a piece meal fashion. (*Id.* at 1.) As a result, the Court instructed Plaintiff to submit a single, all-inclusive amended complaint within 30 days and informed her that if she failed to submit such an amended complaint, the Court would treat her Third Amended Complaint as the operative document. (*Id.*) To date, Plaintiff has not submitted a subsequent amended complaint. She has, however, submitted over 60 various motions. (Mots., ECF Nos. 46, 48, 50, 51, 52, 53, 55, 56, 57, 58, 59, 60, 61, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111.) Accordingly, the Court will treat Plaintiff's most recent amended complaint, her Third Amended Complaint, as the operative pleading.

### B.   Factual Background

Plaintiff's Third Amended Complaint provides a disjointed series of events. (Third Am. Compl. 4–9.[1]) For clarity, the Court will first provide the general allegations that appear to provide the basis for her claims and then the Court will then provide the specific allegations levied against each Defendant.

Beginning chronologically, Plaintiff details encounters she had with law enforcement in "2015-2016" in the State of Georgia. (*Id.* at 8.) Plaintiff states that, on an unspecified date and time, two City of Atlanta police officers attacked her in a restaurant, forced her into the back of a police vehicle, stabbed her with a needle, and drugged her, causing her to fall into a coma. (*Id.*)

---

[1] Page numbers refer to those that appear on the ECF header.

The officers also stole several items of her property, including her diamond earrings, purse, phone, and vehicle keys. (*Id.*) When Plaintiff awoke from her coma, the officers falsely charged her with disorderly conduct for public intoxication. (*Id.*) When Plaintiff was later detained in the Fayette County Jail, officers twice used excessive force against her, resulting in several permanent injuries, and allegedly instructed another female inmate to attack her. (*Id.*)

Plaintiff next delineates events that occurred in 2019 during her incarceration in the State of New Jersey. (*Id.* at 7–9.) Specifically, Plaintiff alleges that on October 20, 2019, while detained at Monmouth County Correctional Institute ("MCCI"), multiple unnamed officers stabbed her and attempted to kill her. (*Id.* at 7.) Two female officers also allegedly forced Plaintiff to "open butt cheeks in front of male officers" and then locked her in her cell "indefinitely," with the intent to cause her mental and physical injuries. (*Id.*) Plaintiff states that the officers locked her inside her cell as punishment for refusing to provide "massage appointments." (*Id.*)

Plaintiff also submits that on November 21, 2019, she sent legal mail to her friend Ms. Caretha Williams, but "MCCI didn't mail it." (*Id.* at 8.) On December 15, 2019, Plaintiff states that an unnamed male correctional officer threatened to sexually assault her. (*Id.*) On December 16, 2019, Plaintiff alleges that MCCI officers read her legal mail. (*Id.* at 9.) At an unspecified date and time, Plaintiff also alleges that MCCI officers "beat [her] up so bad [that her] face don't look the same and [her] head have lumps." (*Id.* at 8.)

Turning to Plaintiff's specific claims against each Defendant, her Third Amended Complaint names the following nine individuals and entities: the Attorney General of the State of New Jersey; the Superior Court of New Jersey, Appellate Division; the American Civil Liberties Union of New Jersey; Laquanta Holloway; Leroy Martin; Mary Williams; Jeffrey Hyde; Nora Dean Martin; and Darrell Williams. (*Id.* at 6.) The Court addresses the claims against each

3

Defendant in turn.

As for the Attorney General of the State of New Jersey, Plaintiff asserts that she wrote a letter to the Attorney General stating that she was falsely accused of attempted murder. (*Id.* at 4.) She also informed the Attorney General that Monmouth County police and correctional officers have violently assaulted her, called her a "repo bitch," threatened to drug her, tormented her by locking her in her cell, and made sexual comments towards her. (*Id.*) Plaintiff does not indicate whether the Attorney General responded. (*Id.*)

As for the Superior Court of New Jersey, Appellate Division, Plaintiff states that she filed with the Appellate Division "notice of leave to appeal the orders and decisions, emergent relief to be released out of custody of the State of New Jersey and pre-trial detention appeal." (*Id.*) She informed the Appellate Division that she had been in custody since April 27, 2019 and had not yet received a trial. (*Id.*) She also informed them that she is not guilty of the charges levied against her and that she has been in custody "way too long." (*Id.*) Plaintiff does not state whether the Appellate Division responded to her submissions. (*Id.*)

As for American Civil Liberties Union of New Jersey ("ACLU"), Plaintiff contends that after she requested their help, the ACLU informed her they were unable to assist with her case. (*Id.* at 5.) The ACLU stated that they generally only handle cases involving matters of constitutional law. (*Id.*) However, Plaintiff maintains that the ACLU overlooked the fact that her constitutional rights have been violated "in many ways by people in authority." (*Id.*)

Plaintiff also names six of her family members and friends as Defendants. (*Id.* at 5–6.) Plaintiff alleges that her childhood best friend, Laquanta Holloway, has not responded to Plaintiff's attempts to contact her. (*Id.* at 5.) Plaintiff alleges Ms. Holloway is aware of "how corrupt police are," that they "robbed" Plaintiff in the State of Georgia, and that they "put false criminal charges

4

on me and told others to attack [her]." (*Id.*) Yet, Ms. Holloway has continued to ignore Plaintiff. (*Id.*)

Plaintiff states that her father, Leroy Martin, has also ignored her. (*Id.*) Plaintiff contends Mr. Martin did not hire an attorney for Plaintiff and has not prevented the police in Georgia and New Jersey from "attacking" Plaintiff, stripping her clothes off, or raping her. (*Id.*)

Plaintiff alleges that her aunt, Mary Williams, "put [Plaintiff] in danger." (*Id.* at 6.) Plaintiff does not elaborate further. (*Id.*)

Plaintiff asserts that Jeffrey Hyde, her "best friend, boyfriend, family," did nothing to stop the police from "attacking" her, calling her "repo," damaging her Chrysler, "stealing everything" in her apartment, or "violently attacking" her. (*Id.* at 6.) Mr. Hyde also did not "stop the officers from sexually assaulting [her] in Georgia." (*Id.*)

Plaintiff contends that her grandmother, Nora Dean Martin, "knew that the police in Georgia attacked [Plaintiff] over [her] vehicles and females who are jealous of how [Plaintiff] looks." (*Id.*) Plaintiff again does not elaborate further. (*Id.*)

Finally, Plaintiff alleges that her uncle, Darrell Williams, knows that "many people are attacking" Plaintiff over her money, her vehicles, and her child. (*Id.*) Mr. Williams also knows that the police and "others" call Plaintiff "repo" and have been trying to kill her since 2008. (*Id.*)

The relief Plaintiff seeks is her immediate release from custody and for the Court to "stop the officers from raping or killing" her. (*Id.* at 9.) Plaintiff states that she is not guilty of the offenses charged against her and that she should not be in prison. (*Id.* at 9.)

## II. <u>LEGAL STANDARD</u>

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a prisoner proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B).

When reviewing such actions, the PLRA instructs courts to, at any time, dismiss cases that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from suit. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of her complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* To survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plaintiff must be able to establish that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   ANALYSIS

The Court considers Plaintiff's claims as brought pursuant to 42 U.S.C. § 1983. Section

1983 provides in relevant part:

> Every person who, under color of statute, ordinance, regulation, custom, or usage, of any State . . . , subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To recover under this provision, a plaintiff must show two elements: (1) that "the defendant acted under color of state law," and (2) that the plaintiff was deprived of "a right secured by the Constitution." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (citing *Versarge v. Twp. of Clinton*, 984 F.2d 1359, 1363 (3d Cir. 1993)).

### A.    The New Jersey Attorney General

Plaintiff fails to state a claim against the New Jersey Attorney General because Plaintiff does not provide, and the Court cannot discern, which of Plaintiff's constitutional rights are implicated by the actions of this Defendant. Plaintiff states only that she submitted correspondence to the Attorney General about the false criminal charges against her and the treatment she has received at MCCI. (Third Am. Compl. 4.) She does not provide any additional information. (*See generally id.*) These sparse facts do not establish any constitutional violation.

Moreover, Plaintiff has failed to demonstrate that the Attorney General had personal involvement in any alleged wrong. To hold a supervisory official, such as the Attorney General, liable for a constitutional violation, a plaintiff must demonstrate that the official had personal involvement in the violation. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The requisite personal involvement may be shown either where the supervisor defendant "established and maintained a policy, practice or custom which directly caused the constitutional harm," or

7

"participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016) (quoting *Santiago v. Warminster*, 629 F.3d 121, 129 n.5 (3d Cir. 2010)).  Here, Plaintiff states only that she submitted correspondence to the Attorney General which indicated she was falsely accused of attempted murder and was receiving poor treatment at MCCI.  (Third Am. Compl. 4.)  These facts do not establish that the Attorney General had any personal involvement in any constitutional violation or that the Attorney General was even aware of Plaintiff's correspondence.  Accordingly, any claims against the Attorney General are dismissed without prejudice.

### B. The New Jersey Superior Court, Appellate Division

Plaintiff also fails to state a claim against the New Jersey Appellate Division, because the Appellate Division is not a "person" amenable to suit under § 1983.  *Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010).  Section 1983 imposes liability only upon "persons" who deprive others of "any rights, privileges, or immunities secured by the Constitution."  *Mawson v. Ct. of Common Pleas of Luzerne Cty., PA*, 229 F. App'x 185, 186 (3d Cir. 2007) (citing 42 U.S.C. § 1983).  Courts are not "'persons' subject to liability under § 1983."  *Dongon*, 363 F. App'x at 156 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *see also Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007) ("The New Jersey Superior Court is not a 'person' capable of being sued under § 1983.").  As a result, any claims against the Appellate Division are dismissed with prejudice because they are not subject to suit under § 1983.

### C. Plaintiff's Family Members and Friends

Plaintiff also fails to state a claim against Defendants Laquanta Holloway, Leroy Martin, Mary Williams, Jeffrey Hyde, Nora Dean Martin, Darrell Williams, and the ACLU because she

has not established that these Defendants acted under the color of state law. Section 1983's "color of state law" requirement means that the defendant must have "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 49 (quoting *United States v. Classic,* 313 U.S. 299, 326 (1941)). This requirement thereby excludes "'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky,* 457 U.S. 991, 1002 (1982)).

Here, Defendants Laquanta Holloway, Leroy Martin, Mary Williams, Jeffrey Hyde, Nora Dean Martin, and Darrell Williams are Plaintiff's family members or friends. They are private citizens who Plaintiff alleges ignored her requests for help or failed to protect her from harm. (Third Am. Compl. 5–6.) Plaintiff does not suggest, and the Court does not find, that any of them were clothed with the authority of state law. Further, the ACLU is a private organization that Plaintiff alleges failed to provide her with legal assistance. *See D'Alessadro v. Am. C.L. Union*, No. 06-212, 2006 WL 3263456, at *3 (D. Del. Nov. 8, 2006); *see also Guyer v. Seitz*, No. 87-2395, 1987 WL 17747, at *2 (E.D. Pa. Sept. 28, 1987). But "[t]he ACLU and its officers and directors are not 'state actors' as that term is defined under § 1983" and they are not "clothed with the authority of state law." *D'Alessadro*, 2006 WL 3263456, at *3 (citing *Reichley v. Pennsylvania Dep't of Agric.,* 427 F.3d 236, 244–45 (3d Cir.2005); *Biener v. Calio,* 361 F.3d 206, 216–17 (3d. Cir.2004)). Thus, because these Defendants are private citizens and organizations who were not acting under color of state law, they are not amenable to suit under § 1983. *See Cook v. Indovina*, 351 F. App'x 721, 723 (3d Cir. 2009) (per curiam) ("Cook's complaint concerns conduct by private individuals, and therefore does not state a cognizable claim."). As a result, Plaintiff's claims against these Defendants are dismissed with prejudice.

### D. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). To the extent Plaintiff can cure the deficiencies in her claim against the New Jersey Attorney General, she will be permitted to amend her complaint within 30 days. If Plaintiff fails to file an amended complaint within 30 days of the date of this Opinion and accompanying Order, the dismissal of her complaint will be converted to a dismissal with prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Third Amended Complaint (ECF No. 30) is dismissed without prejudice. Plaintiff's claim against the New Jersey Attorney General is dismissed without prejudice. Her claims against the New Jersey Appellate Division, Laquanta Holloway, Leroy Martin, Mary Williams, Jeffrey Hyde, Nora Dean Martin, Darrell Williams, and the ACLU are dismissed with prejudice. Plaintiff's 62 motions (ECF Nos. 46, 48, 50, 51, 52, 53, 55, 56, 57, 58, 59, 60, 61, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111) are terminated in light of the dismissal of her Third Amended Complaint. To the extent Plaintiff can cure the deficiencies in her claim against the New Jersey Attorney General, she may file an amended complaint regarding only that claim within 30 days on the form provided by the Clerk. Failure to file an amended complaint within 30 days will result in the dismissal of Plaintiff's Third Amended Complaint with prejudice. An appropriate Order follows.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**