**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

TEKEEMA TOCCARA MARTIN,

    Plaintiff,

v.

STATE OF NEW JERSEY, et al.,

    Defendants.

Civil Action No. 19-12979 (MAS) (LHG)

**MEMORANDUM OPINION**

## SHIPP, District Judge

This matter comes before the Court on a number of motions (ECF Nos. 115-159) filed by *pro se* Plaintiff Tekeema Toccara Martin following the dismissal of her Third Amended Complaint (ECF No. 30) by way of an order this Court issued on October 27, 2020. (ECF No. 114.) In these motions, Plaintiff asserts that she is seeking "leave to appeal" various decisions she alleges have been made by a number of "decisions" made both by previously named Defendants in this matter and various other individuals with whom she interacts either in her personal life, as part of her detention in the Ancora Psychiatric Hospital, or in the courts. (ECF Nos. 115-159.) This is not the first time Plaintiff sought to file such motions – she has previously filed similar documents on numerous occasions which this Court has previously construed as improper attempts by Plaintiff to amend or supplement her complaint through the filing of piecemeal addenda. (*See* ECF No. 45.)

By way of background, Plaintiff filed her initial complaint in this matter in May 2019. (ECF No. 1.) She thereafter filed a first, second, and third amended complaint. (ECF Nos. 4, 22,

30.) Following the filing of her Third Amended Complaint (ECF No. 30), Plaintiff filed her first flurry of addenda as proposed motions seeking "leave to appeal" various actions by Defendants and other alleged bad actors. (ECF Nos. 32-34, 36-44.) On March 5, 2020, however, this Court issued an order which construed these filings as attempts at piecemeal amendment, found such attempts procedurally improper, and denied them without prejudice. (ECF No. 45.) This Court further ordered Plaintiff, to the extent she had claims she wished to pursue not contained in her Third Amended Complaint, to file a single, all-inclusive complaint containing all of her proposed claims within thirty days. (*Id.* at 1-2.) Pursuant to the Order, if Plaintiff failed to file an amended complaint, the Court would construe her Third Amended Complaint as her operative complaint and screen that document pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. (*Id.* at 2.)

Despite this Court's invitation, Plaintiff did not file a comprehensive amended complaint containing all of her claims. Instead, she continued to file her vexatious piecemeal addenda disguised as "motions" seeking "leave to appeal." (ECF Nos. 46, 48, 50-53, 55-61, 63-111.) On October 27, 2020, this Court therefore entered an order and opinion which found that Plaintiff had failed to comply with this Court's March 2020 Order, and construed her Third Amended Complaint to be her operative complaint. (ECF Nos. 113-14). This Court therefore screened the Third Amended Complaint, dismissed all of Plaintiff's claims other than those against the New Jersey Attorney General with prejudice, dismissed the claims against the Attorney General without prejudice, and terminated Plaintiff's numerous motions as improper filings in light of the Court's March 2020 Order. (*Id.*). This Court further granted Plaintiff leave to file an amended complaint "<u>on the form provided by the Clerk</u>" *only* as to her claim[s] against the New Jersey Attorney General within thirty days, but specifically ordered that if Plaintiff failed to do so that the dismissal of her claims against the Attorney General would convert into a dismissal with prejudice. (ECF No. 114 at 1-2.)

2

Plaintiff did not file an amended complaint on the provided form within the thirty days. (ECF Docket Sheet.) Instead, she resumed her improper practice of filing piecemeal addenda in the form of her new motions seeking "leave to appeal" in direct contravention of this Court's March and October 2020 Orders. (ECF Nos. 115-159.) Because Plaintiff did not comply with this Court's instructions and did not file a proposed amended complaint within the provided time, her claims against the New Jersey Attorney General are now dismissed with prejudice pursuant to the terms of this Court's October 2020 Order. (ECF No. 114 at 1-2.) The Clerk of the Court shall therefore be directed to re-open this matter and dismiss Plaintiff's Third Amended Complaint with prejudice in its entirety. Because Plaintiff's operative complaint has been dismissed with prejudice in its entirety in light of Plaintiff's failure to file a procedurally proper amended complaint, Plaintiff's various motions seeking to amend or supplement her complaint, however disguised, (ECF Nos. 115-159) are denied as both procedurally improper, *see Lewis v. Sessions*, No. 17-5475, 2017 WL 731.822, at *2 (D.N.J. Nov. 3, 2017) ("neither Fed. R. Civ. P. 8, which governs pleadings, nor Fed. R. Civ. P. 15, which governs amended and supplemental pleadings, permits [a plaintiff] to submit numerous addenda to his Complaint in . . . piecemeal fashion"), and as a plaintiff may not amend a complaint which has been dismissed with prejudice. An order consistent with this Memorandum Opinion will be entered.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**